# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## MIDDLE DIVISION

| | | |
|---|---|---|
| COREY JOHNSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.  4:19-cv-00015-ACA-HNJ |
| | ) | |
| ANTWAN KENDRICK, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Before the court are Defendants Larry Baker, Antwan Kendrick, Carlos Wood, Lauolefiso Jones, and Brandon Burns's (collectively, "Defendants") motion for summary judgment (doc. 26), Plaintiff Corey Johnson's motion to amend his complaint (doc. 46), and Defendants' motion to strike Mr. Johnson's motion to amend (doc. 48).  The Defendants are Alabama Department of Corrections Officers at Holman Correctional Facility, where Mr. Johnson is currently serving a sentence. (*See* Doc. 1).  Mr. Johnson filed suit under 42 U.S.C. § 1983 against Defendants alleging that they violated his Eighth and Fourteenth Amendment rights through the use of excessive force or failing to protect him.  (Doc. 1).  Mr. Johnson asserts claims against Defendants in both their official and individual capacities.

Defendants filed a special report, which the magistrate judge construed as a motion for summary judgment.  (Doc. 28).  The magistrate judge issued a report

recommending that the court grant in part and deny in part Defendants' motion for summary judgment. (Doc. 44). Specifically, the magistrate judge recommended that the court: (1) grant summary judgment on all of the claims asserted against Defendants in their official capacities; (2) grant summary judgment on Mr. Johnson's claim against Mr. Kendrick; (3) deny summary judgment on Mr. Johnson's Eighth Amendment excessive force claims against Mr. Jones, Mr. Wood, and Mr. Burns; and (4) deny summary judgment on Mr. Johnson's Eighth Amendment failure to protect claim against Mr. Baker. (*Id.*)

Mr. Johnson moved to amend his complaint and filed objections to the report and recommendation. (Docs. 46, 47). Defendants moved to strike Mr. Johnson's motion to amend but did not file any timely objections to the report and recommendation. (Doc. 48). For the reasons set out below, the court **OVERRULES** Mr. Johnson's objections, **DENIES AS MOOT** Mr. Johnson's motion to amend, **DENIES AS MOOT** Defendants' motion to strike, **ADOPTS** the magistrate judge's report, and **ACCEPTS** his recommendations.

Mr. Johnson objects to the recommendation that the court grant summary judgment in favor of Defendants on the claims asserted against them in their official capacities. (Doc. 47 at 1–2). But the Eleventh Amendment bars suits for money damages against a State by the citizens of that State, unless the State waives its Eleventh Amendment immunity or Congress abrogates that immunity. *See Carr v.*

*City of Florence, Ala.*, 916 F.2d 1521, 1524 (11th Cir. 1990).  Congress has not abrogated Alabama's Eleventh Amendment immunity in § 1983 cases, nor has Alabama consented to suit.  *Id.* at 1525; *see also* Ala. Const. Art. I, § 14 (providing that Alabama "shall never be made a defendant in any court of law or equity").  And so, Defendants are entitled to Eleventh Amendment immunity from § 1983 claims for monetary damages made against them in their official capacity as employees of the Alabama Department of Corrections.  *Carr*, 916 F.2d at 1524 (holding that lawsuits against a state official in his or her official capacity are suits against the State when "the state is the real, substantial party in interest" because an award of damages would be paid by the State).  Thus, Mr. Johnson's claims against Defendants in their official capacities are due to be dismissed.

In his objection, Mr. Johnson also takes issue with the facts as described in various incident reports filed by Defendants after the alleged beating.  (Doc. 47 at 2–3).  The magistrate judge's report and recommendation did not, however, accept the version of events set out in those incident reports, but instead accepted the version set out by Mr. Johnson's complaint.  (*Compare* Doc. 44, *with* Doc. 1, *and* Doc. 26).  To the extent Mr. Johnson objects to the magistrate judge's description of the facts, the court **OVERRULES** that objection.

Finally, Mr. Johnson also asserts for the first time that Mr. Kendrick used excessive force against him—breaking his arm—and that Mr. Wood, Mr. Jones, and

Mr. Burns failed to protect him from Mr. Kendrick. (Doc. 47 at 2–3). Mr. Johnson did not allege these facts in his complaint and did not move to amend his complaint to allege such facts. (Doc. 1; Doc. 46). But a party cannot amend a complaint in briefs or objections and must do so by amendment. *Monaghan v. Worldpay US, Inc.*, 955 F.3d 855, 859 (11th Cir. 2020). Accordingly, the court does not consider these facts in ruling on Mr. Johnson's objections.

Separate from his objections, Mr. Johnson moves to amend his complaint to "sue all defendants in their official and individual capacities." (Doc. 46 at 1). Because the court construed Mr. Johnson's complaint to allege claims against Defendants in both their official and individual capacities, the court **DENIES AS MOOT** Mr. Johnson's motion to amend the complaint. The court also **DENIES AS MOOT** Defendants' motion to strike Mr. Johnson's motion to amend.

Having carefully reviewed and considered *de novo* "those portions of the report or specified proposed findings or recommendations to which" Mr. Johnson objects, *see* 28 U.S.C. § 636(b)(1)(C), the court **ADOPTS** the magistrate judge's report and **ACCEPTS** his recommendation. The court **DENIES** Defendants' motion for summary judgment as to the individual capacity claims against Mr. Wood, Mr. Jones, and Mr. Burns for excessive force and against Mr. Baker for failure to protect. The court **GRANTS** the motion for summary judgment in Defendants' favor and against Mr. Johnson on all other claims.

The court **DIRECTS** the Clerk to term Antwan Kendrick as a defendant.

**DONE** and **ORDERED** this August 26, 2020.

_____
**ANNEMARIE CARNEY AXON**
UNITED STATES DISTRICT JUDGE